

FILED
IN OPEN COURT

5 2019

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BUDDER Y. KHAN,<br><br>Defendant. | Case No. 1:19-cr-199 |

## STATEMENT OF FACTS

The United States and the defendant, BUDDER Y. KHAN, agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. On or about July 14, 2014, the defendant traveled to Route 50 Gold and Jewelry Exchange (hereinafter, "Route 50"), located at 6670 Arlington Boulevard, Falls Church, Virginia, within the Eastern District of Virginia, for the purpose of committing a robbery.

2. The defendant entered Route 50, forced the store's agents and employees to the floor using what appeared to be but was not actually a real firearm, and smashed the business' glass display cases from which he took items of jewelry and watches worth approximately $650,338.98, some of which he later sold.

3. On or about April 22, 2015, the defendant traveled to Top Pawn, located at 2806 Graham Road, Falls Church, Virginia, within the Eastern District of Virginia, for the purpose of committing a robbery.

4. The defendant entered Top Pawn, forced the store's agents and employees to the floor using what appeared to be but was not actually a real firearm, and smashed the business' glass display cases from which he took items of jewelry and watches worth approximately

$143,429.98, some of which he later sold. The defendant also took approximately $1,000.00 in United States currency belonging to Top Pawn.

5. At the time the defendant robbed them, Route 50 and Top Pawn were both engaged in commercial activity and the robbery of each business affected interstate commerce. In addition, by possessing and brandishing what appeared to be a real firearm during each robbery, the defendant obtained property from agents and employees of Route 50 and Top Pawn against their will by means of actual or threatened force, violence, or fear of immediate or future injury to their persons while they engaged in commercial activities as agents and employees of those commercial establishments

6. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

7. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

8. This statement of facts shall be admissible as a knowing and voluntary confession in any proceeding against the defendant, regardless of whether the plea agreement is presented to or accepted by a court. Moreover, the defendant waives any rights that the defendant might have under Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, the United States Constitution, or any federal statute or rule in objecting to the admissibility of this statement of facts in any such proceeding.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

Date: 8/29/19          By: *Alex Blanchard*
                           Alexander E. Blanchard
                           Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between me and the United States, I hereby stipulate that the above statement of facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
BUDDER Y. KHAN

I am BUDDER Y. KHAN's attorney. I have carefully reviewed the above statement of facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Gregory T. Hunter, Esq.
Counsel for the defendant